UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CLEVELAND BROWN; SANDRA BROWN,<br><br>Plaintiffs,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON, *et al.*,<br><br>Defendants. | Case No. 2:16-cv-02777-RFB-CWH<br><br>**ORDER** |

## I. INTRODUCTION

Before this Court comes Defendant The Bank of New York Mellon ("Defendant")'s Motion for Summary Judgment (ECF No. 28) and Plaintiffs Cleveland Brown and Sandra Brown (collectively, "Plaintiffs")' Motion for Summary Judgment (ECF No. 30). For the reasons discussed below, the Court denies both Motions.

## II. BACKGROUND

The Court incorporates the procedural and factual background set forth on the record during its August 7, 2017 hearing on the matter, and briefly adds the following. During the prior hearing, the Court opened discovery for a period of sixty days, and ordered dispositive motions to be filed by October 23, 2017. (ECF No. 24). The parties were ordered to brief the narrow issue of whether Defendant provided proper notice pursuant to Nevada Revised Statute ("NRS") § 107.080, for the purpose of the Court ruling on Plaintiffs' request for declaratory relief. The parties received extensions of time and filed their Motions for Summary Judgment on November 2, 2017 and November 3, 2017. (ECF Nos. 28, 30). Both parties filed Responses on November 17, 2017.

(ECF Nos. 31, 32). On November 27, 2017, the parties each filed Replies. (ECF Nos. 33, 34). The Court held a hearing on the instant Motions on July 16, 2018, and took the matter under submission. This Order now follows.

### III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### IV. FACTUAL FINDINGS

#### A. Undisputed Facts

The Court finds the following facts to be undisputed. Plaintiffs are the current owners of record of real property commonly known as 5070 Rustic Ridge Dr., Las Vegas, NV 89148 and more particularly described as follows: SPANISH HILLS EST UNIT 4 AMD, PLAT BOOK 109 PAGE 35, LOT 3 BLOCK 8, APN: 163-29-514-001 ("the Subject Property"). On or about August 1, 2005, Plaintiffs made, executed and delivered to non-party Sahara Mortgage Corporation ("Sahara") a certain Deed of Trust dated August 1, 2005 ("the Deed of Trust") in connection with a mortgage loan on the Subject Property for the principal amount of $1,287,000 ("the Loan"). The

Deed of Trust was recorded in book number 20050817 as instrument number 0001134 in the Official Records of the Clark County Recorder's Office (the "Official Records") on August 17, 2005.

On or about May 1, 2008, a default occurred under the terms of the Loan, in that the Plaintiffs failed to make the regular monthly installment payments due on that date and all subsequent payment due dates. Defendant recorded the assignment of the underlying note and Deed of Trust on the Subject Property on or about April 25, 2011.

On or about May 20, 2013, non-party Bank of America[1] sent a letter to Plaintiffs stating that the underlying note was in default. While the letter stated the principal obligation and interest rate and late fees, it made no mention of the accrued interest on the note. On or about September 1, 2015, non-party Bayview Loan Servicing ("Bayview"), on behalf of Defendant, sent Plaintiffs a correspondence stating that the delinquency on the note would be foreclosed. While the letter stated the principal obligation and interest rate and late charges, it made no mention of the accrued interest on the note.

On or about December 14, 2015, Defendant recorded a Substitution of Trustee listing non-party Sables LLC ("Sables") as the Trustee of the note. On or about February 23, 2016, Sables recorded a Breach and Election to Sell the Subject Property. Pursuant to the Breach and Election to Sell, the amount of arrears on the note was eight hundred sixteen thousand four hundred twenty-five dollars and eighty-eight cents ($816,425.88). The Breach and Election to Sell does not state what amount of principal remained nor the amount of accrued interest remaining on the underlying note. The Affidavit of Authority attached to the Breach and Election to Sell states under penalty of perjury in subparagraph five that Plaintiffs had received a written statement showing "(iv) the amount of accrued interest and late charges." In February 2016, non-party Bayview, on behalf of Defendant, sent Plaintiffs an invoice with account information for the underlying note. The letter states the monthly interest charges on the note is $4,769.00 and the outstanding principal is $1,359,480.74.

---

[1] Bank of America was originally named as a Defendant in this action, but was dismissed on the record at the Court's August 7, 2017 hearing.

Defendant also has in its possession a Notice of Default and Intent to Accelerate letter dated October 15, 2014 ("October 15, 2014 letter"), purportedly from Bayview. The letter has a Certified Mail receipt attached; however, the receipt does not have a signature of either Plaintiff.

**B. Disputed Fact**

The parties dispute whether Defendant sent, and Plaintiffs received, the October 15, 2014 letter.

**V.      DISCUSSION**

As there has not yet been a foreclosure of the Subject Property, the Court issues this Order regarding whether Defendant substantially complied with the notice procedure set forth in NRS § 107.080. Pursuant to NRS § 107.080(2)(c)(3), a Trustee's power of sale may not be exercised until several conditions are fulfilled, such as a representative of the beneficiary or note holder sending the borrower a written statement which includes the following information:

> (I) The amount of payment required to make good the deficiency in performance or payment, avoid the exercise of the power of sale and reinstate the terms and conditions of the underlying obligation or debt existing before the deficiency in performance or payment, as of the date of the statement;
>
> (II) The amount in default;
>
> (III) The principal amount of the obligation or debt secured by the deed of trust;
>
> (IV) The amount of accrued interest and late charges;
>
> (V) A good faith estimate of all fees imposed in connection with the exercise of the power of sale; and
>
> (VI) Contact information for obtaining the most current amounts due . . . .[2]

The Court is required to declare a sale void that does not "substantially comply" with the provisions of the NRS § 107.080 subchapter. NRS §107.080(5)(a).

---

[2] The Court refers to the 2013 version of the statute, as that was the year Plaintiffs began to receive correspondence regarding the Loan in default.

- 4 -

After reviewing the Motions and supporting exhibits, the Court concludes that summary judgment cannot be granted for either party. There is a genuine dispute of fact as to whether Defendant sent – and Plaintiffs received – the October 15, 2014 letter, which appears to be the only document produced in discovery that contains the amount of accrued interest. Defendant produces an affidavit from a document coordinator at Bayview attesting to her knowledge that this letter was sent to Plaintiffs, and Plaintiffs in their affidavits declare that they did not receive the letter. The Court is not in the position to resolve this factual dispute or make credibility determinations as to the competing affidavits at the summary judgment stage.

Furthermore, the Court is not persuaded by Defendant's argument that it substantially complied with the provisions set forth in NRS § 107.080. The 2013 amendments to the statute explicitly required a written statement containing certain information to be sent to the borrower, including the amount of accrued interest. The Court finds that the Nevada legislature specifically intended the written statement to include this information; that Defendant provided a toll-free number for Plaintiffs to call to request that information is insufficient given this clear language. The Court further finds that there is no evidence that Defendants have otherwise provided this specific information to Plaintiffs, outside of the disputed letter. This specifically enumerated information required by NRS § 107.080(2)(c)(3) is necessary for homeowners, particularly the delineation of the amount of accrued interest, which may be difficult for a homeowner to calculate. Therefore, the Court finds that substantial compliance cannot occur if the notice to the homeowner does not contain all of the statutorily required information.

### VI. CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 28) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment (ECF No. 30) is DENIED.

**IT IS FURTHER ORDERED** that the parties submit a Proposed Joint Pretrial Order by July 30, 2018.

DATED: July 17, 2018.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**