UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CLEVELAND BROWN, an individual; and SANDRA BROWN, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> THE BANK OF NEW YORK MELLON, New York State chartered trust and custody bank; BANK OF AMERICA, N.A.; and ANY PERSON OR ENTITY CLAIMING ANY RIGHT, TITLE OR INTEREST IN OR TO THE PROPERTY SUBJECT OF THIS COMPLAINT TO QUIET TITLE, <br><br> Defendants. | Case No. 2:16-cv-02777-RFB-CWH <br><br> **<u>ORDER</u>** <br><br> **Findings of Fact and Conclusions of Law After Court Trial** |

## I.  INTRODUCTION

This case concerns a nonjudicial foreclosure on the property located at 5070 Rustic Ridge Drive, Las Vegas, Nevada 89148 under Nevada Revised Statute ("NRS") Chapter 107. Plaintiffs Cleveland and Sandra Brown allege that Defendant The Bank of New York Mellon failed to comply with NRS Chapter 107, rendering the initiation of the foreclosure void. The Court held a bench trial in this case on May 23, 2019. The Court now rules in favor of Defendant and against Plaintiffs based on the following findings of fact and conclusions of law.

## II.  PROCEDURAL HISTORY

Plaintiffs sued Defendant on October 21, 2016 in the Eighth Judicial District Court in Clark County, Nevada.[1] ECF No. 1-1 at 6. The matter was removed to this Court on December 2, 2016. ECF No. 1.

---

[1] Plaintiffs sued additional defendants, which were dismissed from this action. See ECF Nos. 1, 24.

A single claim survived the filing of early dispositive motions: Claim Five for Declaratory Relief. ECF No. 24. Plaintiffs and Defendant both moved for summary judgment on the claim. ECF Nos. 28, 30. But the Court denied summary judgement in favor of either party. ECF No. 39.

The Court then held a bench trial on May 23, 2019. ECF No. 53. This order now follows.

### III. JURISDICTION AND VENUE

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000. Venue is proper because the property at issue in this matter sits within Clark County, Nevada.

### IV. LEGAL STANDARD

Federal Rule of Civil Procedure 52(a)(1) requires the Court to "find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1). The court must make findings sufficient to indicate the factual basis for its ultimate conclusion. Kelley v. Everglades Drainage District, 319 U.S. 415, 422 (1943). The findings must be "explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision, and to enable it to determine the ground on which the trial court reached its decision." United States v. Alpine Land & Reservoir Co., 697 F.2d 851, 856 (9th Cir.), cert. denied, 464 U.S. 863 (1983) (citations omitted).

### V. FINDINGS OF FACT

Based upon the evidence received at the bench trial, the Court makes the following findings of fact in this case under the applicable standard.

Plaintiffs executed a Deed of Trust on August 1, 2005 to secure the mortgage loan related to the property located at 5070 Rustic Ridge Drive, Las Vegas, Nevada 89148. The Deed of Trust was recorded with the Clark County Recorder's Office in book number 20050817 as instrument number 0001134 on August 17, 2005. Defendant, Bank of New York Mellon, is the holder of the promissory note and is the beneficiary of the Deed of Trust.

/ / /

Plaintiffs defaulted on the mortgage loan by failing to make timely payments. On October 15, 2014, Defendant, through its loan servicer, Bayview Loan Servicing, LLC, mailed letters labeled "NV PRE-FCL letter (AB300 & SB321)" to both Plaintiffs at 5070 Rustic Ridge Drive, Las Vegas, Nevada 89148. These letters were sent by both first class mail and certified mail. The letters included a statement of the accrued interest and the late charges applied to the mortgage loan as of October 15, 2014. Defendant then initiated a nonjudicial foreclosure, in accordance with its rights under the Deed of Trust, by recording a Notice of Default on February 23, 2016. The Notice of Default recited the amount in default as $816,425.88.

Plaintiffs did not attempt to contact Defendant or its agents to obtain information regarding the nonjudicial foreclosure.

## VI. CONCLUSIONS OF LAW

Under the applicable version of NRS 107.080(2), a nonjudicial foreclosure may not proceed unless certain conditions are satisfied. Nev. Rev. Stat. § 107.080(2)(c)(3) (2013) (prior to 2015 amendment). Specifically, the statute required trustees or beneficiaries of a deed of trust to provide a written statement that included:

> (I) The amount of payment required to make good the deficiency in performance or payment, avoid the exercise of the power of sale and reinstate the terms and conditions of the underlying obligation or debt existing before the deficiency in performance or payment, as of the date of the statement;
> (II) The amount in default;
> (III) The principal amount of the obligation or debt secured by the deed of trust;
> (IV) The amount of accrued interest and late charges;
> (V) A good faith estimate of all fees imposed and to be imposed because of the default and the costs and fees charged to the debtor in connection with the exercise of the power of sale; and
> (VI) Contact information for obtaining the most current amounts due….

Id. § 107.080(2)(c)(3)(I)-(VI).

A nonjudicial foreclosure conducted under NRS Chapter 107 "must be declared void… if … [t]he trustee or other person authorized to make the sale does not substantially comply with the provisions of [the chapter]." Nev. Rev. Stat. § 107.080(5)(a).

///

1       Defendant substantially complied with the notice requirements of NRS 107.080(2)(c)(3) by mailing a letter to both Plaintiffs on October 15, 2014 that recited the amount in default, the accrued interest and the amount required to avoid foreclosure. See Schleining v. Cap One, Inc., 326 P.3d 4, 8 (Nev. 2014) (holding that substantial compliance occurs if actual notice is given and no prejudice results to the party entitled to notice).

      Further, Plaintiffs did not establish any material prejudice to otherwise void the initiation of the nonjudicial foreclosure or rescind the Notice of Default. Indeed, Plaintiffs were aware of the foreclosure and could have obtained additional information from Defendant or Defendant's agents at any relevant time after they defaulted on the mortgage loan.

      Because Defendant mailed the October 15, 2014 letters and Plaintiffs failed to show any prejudice to justify voiding the initiation of the foreclosure, the Court finds that Defendant substantially complied with NRS 107.080.

## VII. CONCLUSION

The Court finds in favor of Defendant The Bank of New York Mellon.

Accordingly,

**THE COURT FINDS AND DECLARES** that Defendant substantially complied with NRS 107.080 with respective to the initiation of a nonjudicial foreclosure of the property located at 5070 Rustic Ridge Drive, Las Vegas, Nevada 89148. As to the issues raised in this case, the Court finds that Defendant may proceed with the nonjudicial foreclosure initiated by the Notice of Default of February 23, 2016.

**IT IS ORDERED** that all statutory time periods related to the expiration of the Notice of Default are equitably tolled from the date of the filing of this lawsuit to the date of the entry of final judgment in this matter.

**IT IS FURTHER ORDERED** that judgment is entered in favor of Defendant The Bank of New York Mellon and against Plaintiffs Cleveland Brown and Sandra Brown on the Claim Five, Declaratory Relief.

/ / /

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment for Defendant and close this case accordingly.

DATED: June 9, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**